UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ELIZABETH DAVIS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-7477 |
| MICHELIN NORTH AMERICA, INC. ET AL. | SECTION "L" (2) |

## ORDER AND REASONS

This is a personal injury case in which plaintiff seeks damages for injuries sustained in an automobile accident allegedly caused by defendants' improper manufacture and sale of vehicle tires. The case was originally filed in state court and removed to this court. No Rule 16 scheduling order has yet been entered. Although the motion papers state that a Rule 26(f) conference has already been conducted, I conclude that counsel have made insufficient efforts to resolve the discovery issues presented in this motion and that they must engage in further good faith discussions, as provided herein. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Compel Discovery and Award Sanctions, Record Doc. No. 12, is GRANTED IN PART AND DENIED IN PART, subject to further conditions to be set out in an evidence preservation/protective order that will be determined by the court during a hearing to be conducted before me on

**January 27, 2010 at 10:30 a.m.** Counsel must appear at the hearing in person with their calendars, prepared to discuss the details of defendants' proposed Rule 34 activities.

The motion is granted insofar as it seeks an order concerning depositions. **IT IS ORDERED** that, no later than **January 20, 2010**, counsel must confer in person and arrive at a schedule, including dates, times and places, for all presently anticipated depositions in the following order: the deposition of plaintiff (to be scheduled <u>first</u> on one day); followed by the separate Rule 30(b)(6) depositions of defendants (each to be scheduled separately on dates <u>after</u> plaintiff is deposed); followed by the depositions of the individual Sam's Club shop employees who sold and/or installed the subject tires. If counsel are unable amicably to schedule their depositions, the court will assign dates, times and places during the January 27th hearing.

The motion is also granted in part in that defendants will be permitted to engage in inspection and <u>non</u>-destructive testing of the subject evidence at Michelin's Spartanburg, South Carolina, inspection facility, with shipping and all other expenses of the inspection and testing to be paid by defendants, but only subject to a protective order that remains to be crafted concerning the inspection and preservation of this evidence. All parties are under a continuing obligation to preserve this evidence. Preserve "is to be interpreted broadly to accomplish the goal of maintaining the integrity of [this evidence]. Preservation includes taking reasonable steps to prevent the partial or full

destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutilation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible." Manual for Complex Litigation, Fourth, § 40.25 at 747 (Federal Judicial Center 2004).

While defendants must have adequate access to the evidence, the subject tires and related equipment are plaintiff's property, and the specific logistics of defendants' Rule 34 activities, including the date and method of shipment from her possession, a descriptive protocol of the means the parties will employ to preserve the evidence and the proposed testing, and the time period during (and circumstances under) which the evidence will remain in defendants' custody, must be the subject of further in-person discussions to be conducted by counsel prior to **January 20, 2010**.

The court rejects plaintiff's suggestions that defendants obtain an insurance policy on the tires or that they stipulate that loss of or significant damage to the tires during defendants' Rule 34 activities "would be conclusive support of Plaintiff's claims." Record Doc. No. 13 (Plaintiff's Opposition Memorandum at pp. 4-5). However, **IT IS ORDERED** that defendants' Rule 34 inspection and related activities at Michelin's facility and under defendants' custody and control will be permitted only pursuant to a protective order that requires (among other things) preservation of the evidence; its return to plaintiff, if desired, at the conclusion of all testing and inspection in the same condition

in which it is delivered to defendants; and imposition of an appropriate sanction, including but not limited to a spoliation presumption jury instruction at trial and/or monetary sanctions, in the event of loss or significant damage.

**IT IS FURTHER ORDERED** that, during the in-person conference to be conducted before **January 20, 2010**, counsel must (a) jointly view the subject evidence at the place where it is currently maintained to determine, photograph and document its present status and condition, and (b) attempt to draft a protective order in connection with defendants' proposed Rule 34 inspection and present it to the court, in writing, for consideration at the January 27th hearing. If an agreed-upon protective order cannot be reached, the court will consider the parties' competing drafts and impose one. Thus, the motion is denied insofar as it seeks an order at this time "that this inspection is not the only one to which [defendants] will be entitled prior to trial" and that "defendants should be allowed to retain the evidence for at least 60 days." The court will not order repetitive, possibly duplicative or cumulative tests or inspections in advance without a showing of necessity. See Fed. R. Civ. P. 26(b)(2)(C). In these and other respects, the specific conditions of defendants' Rule 34 activities will be determined at the January 27th hearing.

The motion is denied insofar as it seeks an award of attorney's fees and expenses. The motion has been granted in part and denied in part. Plaintiff's opposition to

4

defendants' request, particularly in her concern for preservation of her property while it is in defendants' hands, was justified. Under these circumstances, I find that all parties should bear their own expenses in connection with this dispute. Fed. R. Civ. P. 37(a)(5)(C).

Unless counsel reach a written agreement prior to further court action, the discovery that is the subject of this motion must not commence until the court enters its order concerning it after the January 27th hearing.

New Orleans, Louisiana, this \_\_\_6th\_\_\_ day of January, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE